IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA

        v.                                            18-CR-163-FPG

CARLOS BAYON,

                   Defendant.
_____

## GOVERNMENT'S SENTENCING MEMORANDUM

The United States of America, by and through its attorney, James P. Kennedy, Jr., United States Attorney for the Western District of New York, and Assistant United States Attorney, Paul E. Bonanno, files this Sentencing Memorandum.

## PRELIMINARY STATEMENT

On July 31, 2019, the defendant was convicted after a jury trial of two counts of retaliating against a federal official, in violation of Title 18, United States Code, Section 115(a)(1), and two counts of making a threat by interstate communication, in violation of Title 18, United States Code, Section 875(c).

As set forth in the revised Presentence Investigation Report dated November 13, 2019, (Doc. 152), the Sentencing Guidelines offense level is twenty (20) after all adjustments are applied.  Thus, with a criminal history category of I, the resulting Sentencing Guidelines range of imprisonment is 33 to 41 months, a fine range of $15,000 to $150,000, and a period of supervised release of 1 to 3 years.

## **STATEMENT OF FACTS**

The government concurs with and relies on the detailed statement of facts set forth in the Presentence Investigation Report at paragraphs 4 through 13.

## **APPLICABLE LAW**

Title 18, United States Code, Section 3553(a) requires that this Court "impose a sentence sufficient, but not greater than necessary" and consider the following factors, among others:

(1)     the nature and circumstances of the offense and the history and characteristics of the defendant;

(2)     the need for the sentence imposed--

> (A)     to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

> (B)     to afford adequate deterrence to criminal conduct;

> (C)     to protect the public from further crimes of the defendant; and

> (D)     to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner ….

In executing these statutory responsibilities, the Court must first correctly calculate the applicable Guidelines range. *Gall v. United States*, 128 S.Ct. 586, 596 (2007). The Second Circuit has observed that "in the overwhelming majority of cases, a Guidelines sentence will fall comfortably within the broad range of sentences that would be [upheld as] reasonable in the particular circumstances." *United States v. Fernandez*, 443 F.3d 19, 27 (2d Cir. 2006). *See also United States v. Eberhard*, 525 F.3d 175, 179 (2d Cir. 2008).

Next, after giving the parties an opportunity to argue for whatever sentence they deem appropriate, this Court must then "consider all the § 3553(a) factors to determine whether they support the sentence requested by a party." *Gall*, 128 S.Ct. at 596.  In determining whether the § 3553(a) factors support the requested sentence, the Court "must make an individualized assessment based on the facts presented." *Id.*, at 597.  In that regard, "[n]o limitation shall be placed on the information concerning the background, character and conduct of a person convicted of an offense which a court . . . may receive and consider for the purpose of imposing an appropriate sentence." 18 U.S.C. § 3661.  After determining the appropriate sentence, the Court "must adequately explain the chosen sentence to allow for meaningful appellate review and to promote the perception of fair sentencing."  *Id.*

## DISCUSSION

The government submits that a sentence of imprisonment at the high end of the guidelines range would be appropriate for the following reasons.

Defendant's threatening voice mail messages were carefully crafted to instill fear.  The voice mail messages were virtually identical, indicating they were written out beforehand. Both messages stated, "… You are taking ours, we are taking yours.  Anytime, anywhere. We know where they are. We are not going to feed them sandwiches, we are going to feed them lead…."  The unmistakable message – and the one understood by the victims – was that defendant was going to shoot the victims and their loved ones, "anytime, anywhere."

Defendant's voice mail messages threatened gun violence.  That is not political speech. The victims' staff members testified at trial that the defendant's threatening voice mails stood out because they went far beyond the normal political messages the victims' offices received. The victims – who have spouses and young children – suffered extreme fear and emotional distress as a result of the defendant's threat of gun violence.

Finally, throughout this case, defendant has refused to show any remorse for his actions.  This refusal to show remorse, combined with defendant's interest in bomb making and "hitman" techniques, as reflected by the books in defendant's apartment, raise concerns about what actions defendant might try to take in the future.

## CONCLUSION

Based upon the nature and circumstances of the offense, the need for the sentence imposed to reflect the seriousness of the offense and to afford adequate deterrence, a sentence of imprisonment at the high end of the guidelines range would be sufficient but not greater than necessary to achieve the purposes of 18 U.S.C. § 3553.

DATED:        Buffalo, New York, November 20, 2019.

JAMES P. KENNEDY, Jr.
United States Attorney

BY:    s/ PAUL E. BONANNO
Assistant United States Attorney
United States Attorney's Office
Western District of New York
138 Delaware Avenue
Buffalo, New York 14202
(716) 843-5873
Paul.Bonanno@usdoj.gov

4

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

              v.                                             18-CR-163-FPG

CARLOS BAYON,

                    Defendant.
_____

## **CERTIFICATE OF SERVICE**

     I hereby certify that on November 20, 2019, I electronically filed, the foregoing

**GOVERNMENT'S SENTENCING MEMORANDUM**, and I mailed the foregoing, by the

U.S. Postal Service, to the following participant:

               Carlos Bayon
               Northern Neck Regional Jail
               PO Box 1060
               Warsaw, VA  22572

                                       s/ JENNIFER L. ATKINS