UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
───────────────────────────────

UNITED STATES OF AMERICA,

v.                                                                  Case # 18-CR-163-FPG

                                                                    DECISION AND ORDER

CARLOS BAYON,

                            Defendant.
───────────────────────────────

Currently before the Court are three motions filed by Defendant Carlos Bayon: (1) a motion for compassionate release, (2) a request to correct an error concerning a prior conviction, and (3) a motion seeking to transfer from his current facility.[1]  ECF No. 196, 197, 205.  The Court addresses each request in turn.

**I. Compassionate Release**

On November 21, 2019, this Court sentenced Defendant to a total term of imprisonment of 60 months, after he was found guilty, at a jury trial, of two counts of retaliating against a federal official and two counts of threat by interstate communication.  ECF No. 128; ECF No. 159.  On April 22, 2021, Defendant, acting *pro se*, filed a motion requesting his immediate release due to the alleged failure of the Bureau of Prisons ("BOP") to provide him with adequate medical care, which the Court construes as a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A).  ECF No. 196.  The government opposes the motion.  ECF No. 200.  For the reasons that follow, Defendant's motion is DENIED.

---

[1] Defendant also asks the Court to order the FBI to investigate misconduct allegedly undertaken by personnel at his facility. *See* ECF No. 207 at 1.  The Court does not have the authority to grant that relief.  *See Senior v. Univ. Towers Assocs.*, No. 08-CV-387, 2008 WL 649713, at *4 (E.D.N.Y. Mar. 10, 2008).

1

"A court may not modify a term of imprisonment once it has been imposed except pursuant to statute." *United States v. Lucas*, No. 15-CR-143, 2020 WL 2059735, at *1 (W.D.N.Y. Apr. 29, 2020) (internal brackets omitted). "Section 3582(c)(1)(A) provides one such statutory exception, often referred to as 'compassionate release.'" *Id.* Under Section 3582(c)(1)(A)(i), a district court may reduce a term of imprisonment if, after "considering the factors set forth in section 3553(a)," the court "finds that . . . extraordinary and compelling reasons warrant such a reduction." A district court's "discretion in this area—as in all sentencing matters—is broad," and courts may "consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring before them in motions for compassionate release." *United States v. Brooker*, 976 F.3d 228, 237 (2d Cir. 2020). Furthermore, "[t]he defendant has the burden to show he is entitled to a sentence reduction." *United States v. Flores*, No. 17-CR-449, 2020 WL 2907549, at *2 (S.D.N.Y. June 3, 2020).

In this case, even if Defendant could establish the other requirements for compassionate release, the Court would conclude that a reduction of his term of imprisonment is inconsistent with the factors set forth in § 3553(a). *See United States v. Giddens*, No. 20-3270, 2021 WL 5267993, at *2 (2d Cir. Nov. 12, 2021) ("[N]othing in section 3582(c) require[s] the district court to draw an express and definitive conclusion [concerning whether extraordinary and compelling reasons exist] before considering whether the section 3553(a) factors [] render[] a sentence reduction unwarranted."). Under § 3553(a), a court must consider the following factors when it imposes a sentence:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed—
> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>     (B) to afford adequate deterrence to criminal conduct;

        (C) to protect the public from further crimes of the defendant; and
        (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
    (3) the kinds of sentences available;
    (4) [the kinds of sentence and sentencing range provided for in the Sentencing Guidelines]
    (5) any pertinent [Sentencing Commission policy statement]
    (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
    (7) the need to provide restitution to any victims of the offense.

*United States v. Sawicz*, No. 08-CR-287, 2020 WL 1815851, at *3 (E.D.N.Y. Apr. 10, 2020) (quoting 18 U.S.C. § 3553(a)). The Court already weighed these factors when it imposed Defendant's original term of imprisonment. Thus, in the context of the present motion, the task is not to "second guess or to reconsider whether the original sentence was just," but to assess whether "the defendant's circumstances are so changed . . . that it would be inequitable to continue the confinement of the prisoner." *United States v. Ebbers*, No. 02-CR-114, 2020 WL 91399, at *6 (S.D.N.Y. Jan. 8, 2020) (discussing legislative history of provision). In other words, the issue is whether the original § 3553 factors "outweigh the 'extraordinary and compelling reasons' warranting compassionate release," and, in particular, "whether compassionate release would undermine the goals of the original sentence." *Id.* at *7.

    Defendant claims that his requests for medical care have been wrongly denied and that the "administrative remedy program" is a "sham." ECF No. 199 at 1; *see also* ECF No. 196 at 1-2; ECF No. 201 at 5-6. Nevertheless, although Defendant accuses the BOP of intending to "hurt and kill" him, ECF No. 204 at 2, his filings suggest that the BOP is making some efforts to provide him with medical care and that, as to certain requests, it simply disagrees that treatment is necessary. *See* ECF No. 199 at 3; ECF No. 201 at 5; ECF No. 204 at 1. In short, the record indicates a more banal disagreement between the BOP and Defendant concerning the necessity and adequacy of his requested medical treatment, one which Defendant could presumably resolve

3

through administrative remedies or, if necessary, via a petition under 28 U.S.C. § 2241.[2]  *See Basank v. Decker*, No. 20-CV-2518, 2020 WL 1953847, at *8 (S.D.N.Y. Apr. 23, 2020) ("An application for habeas corpus under 28 U.S.C. § 2241 is the appropriate vehicle for an inmate in federal custody to challenge conditions or actions that pose a threat to his medical wellbeing."). Thus, even accepting Defendant's claims about his medical needs, given these avenues for relief, Defendant's grounds for release are not particularly weighty.

By contrast, the Court's original considerations at sentencing remain compelling. The indictment alleged, and the jury ultimately found, that Defendant had left threatening voicemails for two members of Congress. At sentencing, the Court noted that Defendant had made threats to the effect that the congresspersons "were going to be shot." ECF No. 179 at 40. He made the threats because he disagreed with the congresspersons' immigration policies. *Id.* at 43. Recognizing that Defendant had a First Amendment right to disagree with those policies, the Court concurred with the congresspersons that Defendant had "trampled dangerously over the line by threatening not only [them], but our democratic system of government." *Id.* at 44. The Court stated that it had "seen more and more" that people were "taking their political disagreements to extremes through threats and actions against individuals," which "can't be acceptable in a civilized society." *Id.*

Furthermore, the Court expressed concern about Defendant's ultimate intention, in light of the evidence obtained during the investigation into the threats. During a search of his residence, agents uncovered ammunition, several firearms, a receipt for a .38 caliber revolver, books on firearms, surveillance, explosives, and "how to make silencers." *Id.* at 40. A search of Defendant's

---

[2] This Court would not have jurisdiction to consider any such habeas petition. "[V]enue for a habeas petition under § 2241 challenging a petitioner's physical confinement generally lies in the district of [his] confinement." *United States v. Needham*, 460 F. Supp. 3d 323, 326 (S.D.N.Y. 2020).

4

storage unit uncovered an SKS rifle. *Id.* While the Court declined to speculate "whether or not [Defendant] would have carried out any of these threats," the materials did reinforce that Defendant presented a danger to the community. *Id.* at 46. Finally, the Court noted that Defendant had not, "in any way, shape or manner accepted responsibility for his conduct." *Id.* Although Defendant's guideline sentence was 33 to 41 months, the Court found that an above-guideline sentence was appropriate and sentenced Defendant to a total term of 60 months. *Id.* at 47.

As of now, Defendant has served approximately 42 months. If released, Defendant would have essentially served his guideline sentence, which the Court did not initially find appropriate in light of the considerations discussed above. Defendant's claim of inadequate medical care does not change that calculus. Therefore, to release Defendant at this time would be inconsistent with the § 3553(a) factors, and specifically § 3553(a)(2)(A), which requires that a sentence "reflect the seriousness of the offense, [] promote respect for the law, and [] provide just punishment for the offense."

Because a sentence reduction would be inconsistent with the § 3553(a) factors, compassionate release is not justified, and Defendant's motion (ECF No. 196) is DENIED.

## II.  Misclassification as a Sex Offender

Defendant contends that his presentence investigation ("PSI") report erroneously states that he has a misdemeanor conviction for lewd and lascivious conduct, which has caused the BOP to classify him as a sex offender.[3] *See* ECF No. 197 at 1-2. He denies that he has any such conviction and asks that the "classification as such be removed from the Court's records and the [BOP's] records." *Id.* at 2.

---

[3] In a later filing, Defendant also claims that the BOP wrongly classified him in some unidentified respect based on the erroneous assumption that he has a domestic violence conviction. *See* ECF No. 203 at 1. The Court's analysis applies equally to that claim.

5

To the extent Defendant is asking that the Court correct the PSI report, that request is denied. Defendant has not demonstrated the Court has jurisdiction over his request. As a general matter, Rule 32(f)(1) gives the parties "14 days after receiving the presentence report" to file any objections, and Rule 32(f)(3) requires the court to resolve any disputes over the report at sentencing. But Rule 32 does not confer jurisdiction on a district court to "correct inaccuracies in a PSI report after a defendant has been sentenced." *United States v. Giaimo*, 880 F.2d 1561, 1563 (2d Cir. 1989). Nor does Rule 36 provide a means for relief. That rule allows a court to "correct a clerical error in a judgment, order, or other part of the record" at "any time," Fed. R. Crim. P. 36, but may not be used to "correct errors of law, judgment, or even misidentification," as Defendant would seek to do here. *United States v. Musa*, 447 F. App'x 284, 285 (2d Cir. 2012) (summary order); *see also, e.g.*, *United States v. Llanos*, 59 F. App'x 412, 414 (2d Cir. 2003) (summary order) (Rule 36 was not the proper vehicle to "correct" the PSI report to reflect that defendant was a "national," rather than an "alien").

To the extent Defendant is requesting that the Court order the BOP to change his classification, the request is also denied. "Courts have long recognized that the classification and designation of inmates is a matter within BOP's sole discretion." *United States v. Jones*, 869 F. Supp. 2d 373, 377 (E.D.N.Y. 2012). It may be that Defendant could seek relief by challenging his classification through the BOP's administrative remedy program, or perhaps by way of a Section 2241 petition, *see id.* at 377 & n.1, but he has not shown that this Court has the authority to grant him the relief he seeks.

### III. Transfer

Finally, Defendant requests that he be transferred to "Hospital Butler, NC." ECF No. 205 at 1. He alleges that his current facility suffers from several defects: among other things, it is not

6

handicap accessible, it lacks working fire alarms, air ducts do not work properly, the bathrooms flood, and the personnel are "delusional" and "detached." *Id.* However, Defendant does not identify a vehicle for his request. If Defendant seeks to rely on Section 2241, *see Levine v. Apker*, 455 F.3d 71, 78 (2d Cir. 2006) ("A challenge to the execution of a sentence . . . is properly filed pursuant to § 2241. Execution of a sentence includes matters such as [prison transfers]." (internal citation and emphasis omitted)), "the proper venue to bring a section 2241 petition is the district where [the] prisoner is *presently* confined and against the prison warden of the facility of confinement." *May v. Licon-Vitale*, No. 20-CV-1105, 2020 WL 8617428, at *1 (D. Conn. Sept. 1, 2020). Defendant has not demonstrated that this Court—the *sentencing* court—has the authority to grant his request.

## CONCLUSION

For the foregoing reasons, Defendant's motions for compassionate release (ECF No. 196), to correct his misclassification as a sex offender (ECF No. 197), and to transfer (ECF No. 205), are DENIED.

IT IS SO ORDERED.

Dated: January 12, 2022
      Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York