UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

v.                                                                                            Case # 18-CR-163-FPG

                                                                                                ORDER

CARLOS BAYON,

                              Defendant.
_____

Defendant Carlos Bayon has filed a letter titled "Return of Seized Property And/Or Monetary Restitution from USA." ECF No. 208. He alleges that, in connection with his criminal case, federal agents seized, and have yet to return, some of his property. The seized property includes, among other things, his laptop, cell phones, a cargo van, a college ring, thousands of dollars in cash, and other personal effects. ECF No. 208 at 1; ECF No. 214 at 1. The government responds that the only items that agents seized were those listed in two search warrant returns. *See* ECF No. 213 at 1, 5, 7. The government has offered to return the laptop and cell phones—which are listed in the returns—but it otherwise asks that Defendant's motion be denied on the ground that the requested items are not listed in the returns and were, therefore, not seized. *See id.* at 1-2.

The Court will treat Defendant's motion as one arising under Federal Rule of Criminal Procedure 41(g). *See generally Bertin v. United States*, 478 F.3d 489 (2d Cir. 2007). That rule provides that "[a] person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return." Fed. R. Crim. P. 41(g). "A Rule 41(g) motion that is brought after the criminal proceeding is over is treated as a civil equitable action." *Diaz v. United States*, 517 F.3d 608, 610 (2d Cir. 2008). In other words, this Court must treat Defendant's motion as "a civil complaint." *United States v. David*, 131 F.3d 55, 61 (2d Cir. 1997).

1

Therefore, Defendant's letter motion (ECF No. 208) is DENIED WITHOUT PREJUDICE to renewal in the context of a separate civil action.[1] The Clerk of Court is directed to (a) combine Defendant's letter motion (ECF No. 208) and reply brief (ECF No. 214) into a single document, (b) file that document as the complaint in a new, separate civil action against the United States, (c) notify Defendant of the docket number for his new civil action, and (d) assign the undersigned as the presiding judge in the new civil action.

In connection with his new civil action, **by June 17, 2022**, Defendant shall either provide (1) a properly supported motion to proceed *in forma pauperis* along with the required certification of Defendant's inmate trust fund account (or institutional equivalent) and authorization form, or (2) the $350.00 filing fee and the $52.00 administrative fee ($402.00 total). *See, e.g.*, *Kee v. United States*, No. 20-CV-1840, 2020 WL 2115350, at *2 (S.D.N.Y. May 4, 2020) ("Courts in this Circuit have held that for a new civil action seeking the return of property, the plaintiff must either pay the fees associated with filing a new complaint or seek leave to proceed IFP."). If Defendant fails to do so, the Court will direct the Clerk of Court to administratively terminate the new civil action. In addition, **by June 17, 2022**, Defendant shall file an amended complaint in the new civil action in which he (a) specifically identifies *each* item of property at issue and (b) provides sufficient allegations to state a claim for relief under Rule 41(g).

IT IS SO ORDERED.

Dated: May 18, 2022
   Rochester, New York

                                                                _____
                                                                HON. FRANK P. GERACI, JR.
                                                                United States District Judge
                                                                Western District of New York

---

[1] Although Defendant's motion will be litigated in the new civil action, Defendant is also permitted to contact counsel for the government to coordinate the transfer of his laptop and cell phones to a representative of Defendant. As noted, the government concedes those items should be returned. *See* ECF No. 213 at 2.